THOMPSON COBURN LLP
JOHN L. VIOLA, CSB 131407
jviola@thompsoncoburn.com
ROWENA G. SANTOS, CSB 210185
rsantos@thompsoncoburn.com
GEOFFREY L. WARNER, CSB 305647
gwarner@thompsoncoburn.com
2029 Century Park East, 19th Floor
Los Angeles, California 90067
T: 310.282.2500 / F : 310.282.2501

Attorneys for Defendant
NATIONWIDE LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BRIDGET C. HARPER, as Trustee of the Ludlow B Creary 2000 Irrevocable Trust, and LUDLOW B. CREARY, an Individual,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>NATIONWIDE LIFE INSURANCE COMPANY and DOES 1 through 25, Inclusive,<br><br>　　　　Defendants. | Case No. 2:15-cv-09939-AB(ASx)<br><br>**BRIEF POINT RE PRECLUSION OF PLAINTIFFS' USE OF NATIONWIDE SLOGAN TO PROVE BAD FAITH, FRAUD, MISREPRESENTATION OR OTHERWISE DECEPTIVE CONDUCT**<br><br>Trial:　　June 6, 2017<br>Ctrm:　　7B |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

In settlement discussions on May 1, 2017, plaintiffs Bridget C. Harper, as Trustee of the Ludlow B. Creary 2000 Irrevocable Trust, and Ludlow B. Creary ("Plaintiffs"), represented to Defendant Nationwide Life Insurance Company ("Nationwide"), through their counsel of record, that they intend to argue at trial that Nationwide made false representations to Plaintiffs through its advertising slogan, "Nationwide Is On Your Side." (Declaration of John L. Viola ("Viola Decl.") ¶ 2.) It appears Plaintiffs intend to argue that Nationwide's marketing induced Dr. Creary to purchase Nationwide insurance and/or lapse his policy. Plaintiffs assert that this conduct constitutes fraud and bad faith because, as Plaintiffs allege, Nationwide had no intention of keeping that purported promise. It seems Plaintiffs intend to provide this as a basis to support their claims for fraud and/or misrepresentation and in support of their request for punitive damages.

Nationwide respectfully requests that the Court preclude Plaintiffs from introducing evidence of or arguing the substance of Nationwide's slogan at trial for the purpose of proving bad faith, fraud, misrepresentation, or otherwise deceptive conduct.[1] Indeed, Plaintiffs first raised the issue concerning Nationwide's slogan in a May 1, 2017, email correspondence to Nationwide's counsel regarding settlement, (Viola Decl. ¶ 2), and again a week later through an email communication dated May 10, 2017.[2] (*Id.* ¶ 3, Ex. B.) Plaintiffs did not raise these allegations in their operative

---

[1] Had Plaintiffs informed Nationwide of their intention to argue false representations based on Nationwide's slogan prior to April 24, 2017 (this Court's imposed motion in limine deadline), Nationwide would have submitted an additional motion in limine to preclude the introduction of such evidence. However, Nationwide only learned of Plaintiffs' intentions through an email correspondence from Plaintiffs' counsel on May 1, 2017 regarding settlement.

[2] In the subsequent communication with Plaintiffs' counsel, Alvin Pittman, Mr. Pittman disclosed that Plaintiffs further intend to use excerpts from Nationwide's

6554758

1

BRIEF POINT RE PRECLUSION OF PLAINTIFFS' USE OF NATIONWIDE SLOGAN TO PROVE BAD FAITH, FRAUD, MISREPRESENTATION OR OTHERWISE DECEPTIVE CONDUCT

First Amended Complaint ("FAC") or in response to Nationwide's Motion for Summary Judgment, and should not be permitted to do so at trial. *See Gribben v. United Parcel Serv., Inc.*, 528 F.3d 1166, 1171 (9th Cir. 2008).

Moreover, Plaintiffs' approach has already been rejected by numerous courts which consider insurance slogans mere puffery, not statements of fact, such that they cannot constitute an actionable misrepresentation or deceptive statement that rises to the level of fraud. *See Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1154 (S.D. Cal. 2001); *Burlison v. Allstate Ins. Co.*, No. CV 12-4092 GHK (MRWx), 2012 WL 12884683, at *3 (C.D. Cal. Sept. 25, 2012), adhered to, No. CV 12-4092 (GHK MRWx), 2013 WL 12125434 (C.D. Cal. Feb. 1, 2013).

Accordingly, Nationwide respectfully requests the Court grant this request.

## II. ARGUMENT

### A. Plaintiffs Should Be Precluded From Using Nationwide's Slogan To Show Fraud And/Or Misrepresentation Because Plaintiffs' Neglected To Raise The Argument Before Trial.

District courts have discretion to exclude trial evidence pertaining to arguments or issues not asserted in a party's pleadings or other memorandum before trial. *Gribben*, 528 F.3d at 1171. In *Gribben*, the Ninth Circuit found the district court did not abuse its discretion in excluding evidence that would support plaintiff's retaliation claim because plaintiff "did not assert this [retaliation] claim in his complaint, the parties' joint proposed case management plan, or in his response to UPS's motion for summary judgment." *Id.* This Court should similarly exercise its discretion to preclude Plaintiffs from introducing evidence of or arguing the substance of Nationwide's slogan at trial for the purpose of proving bad faith, fraud, misrepresentation, or otherwise deceptive conduct. Like the plaintiff in *Gribben*,

---

"On Your Side Pledge" that may be found on Nationwide's internet homepage. (Viola Decl. ¶ 3, Ex. B.) Nationwide similarly requests that such excepts be excluded from trial for the same reasons set forth herein.

6554758     2

BRIEF POINT RE PRECLUSION OF PLAINTIFFS' USE OF NATIONWIDE SLOGAN TO PROVE BAD FAITH, FRAUD, MISREPRESENTATION OR OTHERWISE DECEPTIVE CONDUCT

Plaintiffs did not assert this claim in their FAC or in opposition to Nationwide's Motion for Summary Judgment. Thus, Plaintiffs should not be permitted to argue such at this time. Permitting Plaintiffs to do so would deprive Nationwide of its rightful opportunity to conduct discovery on the issue, such as to whether Dr. Creary truly relied on the Nationwide's slogan, to what degree that reliance was reasonable, and what additional damages, if any, resulted from that reliance.

For this reason alone, the evidence relating to Nationwide's slogan should be excluded from trial. Further, Plaintiffs should be prevented from arguing that the slogan constitutes bad faith, fraud, misrepresentation, or otherwise deceptive conduct.

### B. Nationwide's Slogan Constitutes Inactionable Puffery And Cannot Be Used As Evidence To Support Plaintiffs' Substantive Claims.

More importantly, representations of opinion, like Nationwide's slogan, are "not actionable for fraud because they contain judgments of quality, value, authenticity, or other matters of judgment," not facts. *Smith*, 160 F. Supp. 2d at 1154. "Sales talk and advertising slogans are examples of such nonactionable statements . . . [t]hey are 'loose general statements made by sellers in commending their wares . . . [and upon which] no reasonable man would rely.'" *Id.* As explained by the Tenth Circuit, "mass advertising expressed in vague terms . . . is not relied on by rational adults." *Alpine Bank v. Hubbell*, 555 F.3d 1097, 1107 (10th Cir. 2009).

For example, in *Smith*, the district court dismissed plaintiffs' fraud cause of action that was premised on Allstate's alleged misrepresentation that plaintiffs would be "in good hands" if they suffered loss on their home. *Smith*, 160 F. Supp. 2d at 1154. In so holding, the court explained that "Allstate's 'good hands' slogan lacks the meaningful specificity necessary to be considered a representation of fact," and was not actionable. *Id.; see also Rodio v. Smith*, 123 N.J. 345, 587 (N.J. 1991) (finding that Allstate's "You're In Good Hands With Allstate" slogan is not a

6554758

3

BRIEF POINT RE PRECLUSION OF PLAINTIFFS' USE OF NATIONWIDE SLOGAN TO PROVE BAD FAITH, FRAUD, MISREPRESENTATION OR OTHERWISE DECEPTIVE CONDUCT

statement of fact, and therefore cannot rise to the level of common law fraud). Likewise, in *Burlison*, this Court reached the same conclusion, finding Allstate's slogan mere puffery and not an actionable statement of fact. *See Burlison*, 2012 WL 12884683 at *3 ("The only specific misrepresentation Plaintiff identifies is the advertising slogan "you're in good hands." But this slogan is mere puffery and thus not a basis for fraud liability.").

Here, Nationwide's advertising slogan similarly constitutes mere puffery and cannot constitute a misrepresentation or deceptive statement that would engender justifiable reliance. Like Allstate's slogan, "You're In Good Hands," no reasonable person would conclude that Nationwide's slogan, "Nationwide Is On Your Side", is intended to be understood as fact as distinguished from opinion.

Indeed, courts in other jurisdictions have repeatedly rejected fraud claims based on supposed reliance on insurance company advertising slogans such as "Nationwide Is On Your Side" and "You're In Good Hands [With Allstate]." *See, e.g., Sicherman v. Nationwide Life Ins. Co.*, No. CIV.A. 11-7227, 2012 WL 1122737, at *4 (E.D. Pa. Apr. 4, 2012) (describing Nationwide's slogan of "Nationwide Is On Your Side" as mere puffery); *Rodio*, 587 A.2d at 624 (rejecting common law fraud and New Jersey consumer protection law claims based on the "good hands" slogan because the slogan is mere puffery and not a statement of fact); *Ormsby v. Nationwide Mut. Fire Ins. Co.*, No. CV 990429984, 2000 WL 739606, *7 (Conn. Super. Ct. May 25, 2000) (dismissing fraud claim because "[o]rdinary persons would not consider 'Nationwide is on your side' . . . as statements of fact. Not only do the statements refer to future conduct, but they are subjective in nature."); *Bologna v. Allstate Ins. Co.*, 138 F. Supp. 2d 310, 322-323 (E.D.N.Y. 2001) (finding false advertising claim under the Lanham Act based on Allstate slogan was frivolous because the slogan was a general, subjective statement that could not be proved true or false); *Gidley v. Allstate Ins. Co.*, No. 09–3701, 2009 WL 4893567 (E.D. Pa. Dec. 17, 2009) (finding that slogan, "You're In Good

6554758

4

BRIEF POINT RE PRECLUSION OF PLAINTIFFS' USE OF NATIONWIDE SLOGAN TO PROVE BAD FAITH, FRAUD, MISREPRESENTATION OR OTHERWISE DECEPTIVE CONDUCT

Hands With Allstate," to be puffery and unable to be justifiably relied upon); *Davis v. Allstate Ins. Co.*, 2009 U.S. Dist. LEXIS 6214, at *18-19 (E.D. La. Jan. 15, 2009) (Allstate slogan was mere puffery and not actionable).

Accordingly, Plaintiff's allegations concerning the "Nationwide Is On Your Side" slogan is not actionable. Reliance on a slogan is not justifiable as a matter of law, and evidence indicating such, or arguments attempting to prove the matter, should not be permitted to be introduced to the jury.

### III. CONCLUSION

For the foregoing reasons, Nationwide respectfully requests the court preclude Plaintiffs from introducing evidence of or arguing the substance of Nationwide's slogan, "Nationwide Is On Your Side," at trial for the purpose of proving bad faith, fraud, misrepresentation, or otherwise deceptive conduct.

DATED: May 15, 2017          **THOMPSON COBURN LLP**

By: ____/s/ John L. Viola____
**JOHN L. VIOLA**
Attorneys for Defendant
Nationwide Life Insurance Company

6554758

5

BRIEF POINT RE PRECLUSION OF PLAINTIFFS' USE OF NATIONWIDE SLOGAN TO PROVE BAD FAITH, FRAUD, MISREPRESENTATION OR OTHERWISE DECEPTIVE CONDUCT