THOMPSON COBURN LLP
JOHN L. VIOLA, CSB 131407
jviola@thompsoncoburn.com
ROWENA G. SANTOS, CSB 210185
rsantos@thompsoncoburn.com
GEOFFREY L. WARNER, CSB 305647
gwarner@thompsoncoburn.com
2029 Century Park East, 19th Floor
Los Angeles, California 90067
T: 310.282.2500 / F : 310.282.2501

Attorneys for Defendant
NATIONWIDE LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BRIDGET C. HARPER, as Trustee of the Ludlow B Creary 2000 Irrevocable Trust, and LUDLOW B. CREARY, an Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONWIDE LIFE INSURANCE COMPANY and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. 2:15-cv-09939-AB(ASx)<br><br>**BRIEF POINT RE DEFENDANT'S REQUEST FOR AN ORDER STRIKING PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES ON THEIR SECOND CAUSE OF ACTION FOR ALLEGED BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>Trial: June 6, 2017<br>Ctrm: 7B |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6561990

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Nationwide Life Insurance Company ("Nationwide") submits this brief in support of its request for an order striking the request of plaintiffs Bridget C. Harper, as Trustee of the Ludlow B. Creary 2000 Irrevocable Trust, and Ludlow B. Creary ("Plaintiffs") for punitive damages under their second cause of action for Nationwide's purported breach of the covenant of good faith and fair dealing. Plaintiffs' bad faith claim, which is necessarily premised on a tortious theory of recovery under Civil Code section 3294, is barred by the two-year statute of limitations set forth in California Code of Civil Procedure 339. Specifically, Plaintiffs' bad faith claim arose on March 20, 2013, when Nationwide allegedly wrongfully denied Dr. Creary's request for reinstatement of his lapsed insurance policy. However, Plaintiffs failed to initiate this action until October 2, 2015, over six months *after* that claim expired. Accordingly, Plaintiffs should be precluded from obtaining punitive damages on their bad faith cause of action for their failure to bring their claim within the required limitations period.

### II. ARGUMENT

#### A. Plaintiffs' Claim For Breach Of The Implied Covenant Is Grounded In Tort, Not Contract.

While an action for an alleged "breach of implied covenant of good faith and fair dealing sounds in both contract and tort," (*see Frazier v. Metropolitan Life Ins. Co.*, 169 Cal. App. 3d 90, 101 (1985)), recovery of punitive or exemplary damages against an insurance company is available only for the purported breach of an obligation *not* arising from contract. Cal. Civ. Code § 3294; *see also, e.g., Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1286 (1994); ("[A] simple breach of contract, no matter how willful and hence tortious, is not a ground for punitive damages."); *Frazier*, 169 Cal. App. 3d at 106 ("Punitive damages may not be granted in an action based on a breach of contract even though the

6561990

1

BRIEF POINT RE DEFENDANT'S REQUEST FOR AN ORDER STRIKING PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES ON THEIR SECOND CAUSE OF ACTION FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

defendant's breach was wilful or fraudulent.") (citing *Crogan v. Mertz*, 47 Cal.2d 398, 408 (1956)); *Miller v. National American Life Ins. Co.*, 54 Cal. App. 3d 331, 336 (1976) ("Punitive damages are not available in an action based solely upon breach of a contractual obligation, even where the breach is intentional, wilful, or in bad faith.").

Consequently, Plaintiffs' request for punitive damages for Nationwide's purported breach of the implied covenant of good faith and fair dealing (First Amended Complaint ("FAC"), Dkt. No. 16, at ¶ 88) must be grounded on a tortious theory of recovery as prescribed under section 3294.[1] And as discussed further below, this claim is subject to a two-year statute of limitations.

B. **Plaintiffs' Request For Punitive Damages For Nationwide's Alleged Tortious Breach Of The Implied Covenant Is Barred By The Applicable Two-Year Statute Of Limitations.**

A cause of action for tortious breach of the implied covenant of good faith and fair dealing is subject to a two-year statute of limitations. Cal. Civ. Proc. Code § 339; *see also Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1144 n. 4 (1990) (explaining tort remedies on claims for breach of the implied covenant of good faith and fair dealing are governed by the two-year statute of limitations under section 339). The statute of limitations begins to run when a claim is allegedly wrongfully denied by the insurer. *Love*, 221 Cal. App. 3d at 1143-44. The two-year limitations period is strict, and absolute, such that punitive damages sought under California Civil Code section 3294 for an alleged breach of the implied covenant are

---

[1] This conclusion is further supported by this Court's March 8, 2017 Order granting summary judgment in favor of Nationwide on the issue of Plaintiffs' claim for breach of contract. (Dkt. No. 35.) While the Court found triable issues of fact exists which precluded the same finding as to Plaintiffs' claim for breach of the implied covenant, the Court's holding indicates that Plaintiffs' cause of action must be grounded under a tortious theory of recovery because a contractual breach is not at issue.

6561990

2

appropriate "only if [] the [bad faith cause of action] can survive an attac[k] based on the statute of limitations." *Frazier*, 169 Cal. App. 3d at 106.

For example, in *Frazier v. Metropolitan Life Ins. Co.*, plaintiff brought a bad faith cause of action against an insurance company that issued her late husband's life insurance policy, alleging its refusal to pay her an accidental death benefit violated the covenant of good faith and fair dealing. *Id.* at 103. The complaint was filed two years and 24 days after the insurance company denied her claim. At trial, the jury found in favor of plaintiff, awarding her actual damages and punitive damages in the amount of $8,000,000 (which trial court reduced to $2,000,000). *Id.*

The appellate court reversed as to the award of punitive damages, finding that while plaintiff's bad faith claim could stand if predicated under a breach of contract theory (subject to a four-year statute of limitations under section 337), her request for punitive damages could not. Specifically, the court explained that because punitive damages are not available for breach of contract (*id.* at 106), plaintiff's request for punitive damages arose under section 3294 and were subject to the two-year limitations period imposed under California Code of Civil Procedure section 339. *Id.* at 107; *see also* Cal. Civ. Code § 3294 (providing for punitive or exemplary damages for "breach of an obligation not arising from contract"). Because plaintiff initiated suit 24 days after the two-year limitations period, the court found her request for punitive damages time-barred. *Frazier*, 169 Cal. App. 3d at 107.

Here, although no insurance claim was denied by Nationwide, Plaintiffs similarly base their bad faith claim on Nationwide's alleged wrongful denial of Dr. Creary's request for reinstatement of his lapsed insurance policy on March 20, 2013. (FAC, Dkt. No. 16, ¶ 40.) Because Plaintiffs' claim is grounded on a tortious theory of recovery (*see*, supra Section III, A), Plaintiffs' cause of action for Nationwide's purported breach of the implied covenant of good faith and fair dealing accrued no later than March 20, 2013, providing Plaintiffs until March 20, 2015 to file suit thereon. However, like the plaintiff in *Frazier*, Plaintiffs missed that deadline,

1 | failing to initiate suit until October 2, 2015, (Notice of Removal, Dkt. No. 1, Exhibit
2 | 1), more than six months *after* Plaintiffs' bad faith claim had expired.
3 |     Accordingly, Plaintiffs' cause of action for breach of the implied covenant of
4 | good faith and fair dealing is time-barred, and they cannot recover punitive damages
5 | thereon.

### III. CONCLUSION

For these reasons, Nationwide respectfully requests that this Court enter an order striking Plaintiffs' request for punitive damages for breach of the implied covenant of good faith and fair dealing.

DATED: May 18, 2017

THOMPSON COBURN LLP

By:     */s/ John L. Viola*
    **JOHN L. VIOLA**
    Attorneys for Defendant

6561990

4

BRIEF POINT RE DEFENDANT'S REQUEST FOR AN ORDER STRIKING PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES ON THEIR SECOND CAUSE OF ACTION FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING