**Alvin L. Pittman (SBN.: 127009)**
E-mail: office@apittman-law.com
LAW OFFICES OF ALVIN L. PITTMAN
9841 Airport Boulevard, Suite 412
Los Angeles, CA 90045
Telephone: (310) 337-3077
Facsimile: (310) 337-3080

Attorneys for Plaintiffs
Bridget C. Harper, as Trustee and
Ludlow B. Creary

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGET C. HARPER, as Trustee of the Ludlow B. Creary 2000 Irrevocable Trust, and Ludlow B. Creary, an Individual,<br><br>        Plaintiff,<br><br>vs.<br><br>NATIONWIDE LIFE INSURANCE COMPANY and DOES 1 through 25, Inclusive,<br><br>        Defendants. | CASE NO: 2:15-cv-09939 -AB(ASx)<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES RE: DEFENDANT'S REQUEST FOR AN ORDER STRIKING PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES ON THE SECOND CAUSE OF ACTION FOR ALLEGED BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**Trial: June 6, 2017**<br>**Time: 9:00 a.m.**<br>**Courtroom: 7B**<br>**Hon. Andre Birotte** |

## INTRODUCTION

In yet another effort to avoid responsibility for its horrendous conduct Defendant filed its "Brief Point Re: Defendants Request for An Order Striking Plaintiffs' Request for Punitive Damages on Their Second Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing," is nothing more than another disguised Motion for Summary Adjudication of the issue of punitive damages. Defendant already made, and the Court has already ruled on its Motion for Summary Judgment/Adjudication. On that basis alone, the Court should deny Defendant's "Request for An Order Striking Plaintiff's Request for Punitive Damages. Defendant bases its argument primarily on the grounds that Plaintiff's Second Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing is barred by a two-year statute of limitations.

## ARGUMENT

### A. Plaintiffs' Claim for Breach of the Implied Covenant Of Good Faith And Fair Dealing Is Not Time Barred.

It is generally true that a cause of action for breach of the implied covenant of good faith and fair dealing brought under a tort theory is generally subject to a two year statute of limitations. The relevant issue however, is when does the statute begin to run. That issue must be evaluated on a case by case basis. This is especially true in a case like the one at bar. A single act does not necessarily constitute bad faith. This is especially true in this case, where there will be evidence presented that Defendant concealed information concerning its decision not to reinstate Dr. Creary's insurance policy. Failing to reinstate the Plaintiffs insurance policy by itself, does not establish bad faith on the part of Defendant.

Rather, a determination of bad faith requires an evaluation of the totality of circumstances and conduct surrounding Defendant's refusal to reinstate. To determine whether a cause of action for breach of the implied covenant has accrued, a determination must be made as to when the Defendant has committed an ultimate act of bad faith. *Frazier v. Metropolitan Life Insurance Co*. 169 Cal. App.3d 90, 103-104.

Defendant argues that Plaintiffs claim for breach of the implied covenant of good faith and fair dealing should have been brought no later than March 201, 2015. Defendant apparently bases its argument on the ground that Nationwide notified Plaintiffs of its refusal to reinstate their policy on March 20, 2013, and thus, their claim should have been brought within two years of that date. As set forth below this argument is without merit.

In support of its argument, Defendant claims that the facts *Frazier v. Metropolitan Life Insurance Co*. are similar to the case at bar, and thus Plaintiffs' claim for breach of the covenant of good faith should have been brought within two years of March 20, 2015. Defendant's reliance on Frazier is misplaced for several reasons. First, the facts in Frazier are meaningfully different in that it involved a denial of an insurance claim for a specific event that took place (i.e. the death of its insured, and resulting claim for life insurance policy benefits). This case does not concern a denial of claim benefits, but rather Defendant's ongoing refusal/failure to reinstate Plaintiff's insurance policy.

Second, in *Fraizer*, although the Court found that the tort based cause of action accrued at the time the Defendant denied the Plaintiff's claim. The Court based its finding on the fact that given the facts and circumstances in that case, the insurer's unsupported stated reason for denying the Plaintiff's claim was demonstrated bad faith as a matter of law. *Frazier,* 169 Cal. App.3d at 107.

In this case, the conduct establishing bad faith is not that clear cut. Rather, bad faith on the part of Nationwide began to manifest itself over a course of conduct and over a period of time that continues even to this day. In letter dated October 1, 2013, from Nationwide and mailed to Frank Gooch, III on behalf of Dr. Creary, Nationwide's Associate Vice President, G. Michael Vaughan gave clear indication that the issue of reinstatement was, and had been an ongoing and recurring consideration. In fact, in Mr. Vaughan's letter dated October 1, 2013, he notes that Nationwide had "further reviewed" the issue of reinstatement of Dr. Creary's policy. He also gave conflicting information on regarding Nationwide's decision on reinstatement of the policy. On the one hand, he communicates that (as of the date of his letter), "after reviewing this matter twice without any new information, we consider this matter **closed**." At the same time, Mr. Vaughan says, "We will however, as a commitment to our members, remain open to consideration of any new information on Dr. Creary's behalf and will gladly review." (**Joint Exhibit No.54**). Perhaps Dr. Creary could reasonably conclude that this letter was the last straw. Perhaps, Dr. Creary could reasonably conclude that, having now written to each member of Nationwide's Board of Directors, through a friend/lawyer, and receiving a refusal to reinstate the policy after Nationwide had allegedly reconsidered the matter twice, that it was now engaging in bad faith[1]. It is clear that this letter which was written and mailed on October 1, 2013, would not have reached Dr. Creary until some date thereafter.

Even assuming arguendo, the Court were to embrace Defendant's argument that a letter of written denial is a triggering event for statute of limitations purposes, then the October 1, 2013 letter (received by Plaintiffs some date

---

[1]. In fact, even after the October 2013 letter, the Crearys did not terminate their efforts to get Nationwide to re-instate their insurance policy.

3
MEMORANDUM OF POINTS AND AUTHORITIES RE: DEFENDANT'S REQUEST FOR AN ORDER STRIKING PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES ON THE SECOND CAUSE OF ACTION

1. thereafter), in which Nationwide notes that it has reconsidered and re-reviewed the matter, and after such consideration announced a refusal to reinstate, would itself be an act by Nationwide triggering the statute of limitations.

The fact is, by contrast to the October 2013, the March 20, 2013 letter, while it announces a decision not reinstate, it essentially indicates that its decision was preliminary for what in fact occurred, that is further investigation and Plaintiffs' ongoing efforts reinstate the policy.  The October Letter clearly shows that this is not a final decision.  At best, Defendant can assert that the October 1, letter is an ultimate pronouncement regarding Nationwide's ultimate and final decision on the issue of reinstatement, and thus a statute triggering event.  However, as stated above, that trigger could not become effective without delivery.  Thus, even though the letter is dated October 1, 2013, the indication is that it was mailed and received by Dr. Creary sometime after October 2, 2013.  Plaintiffs claim for breach of the implied covenant of good faith and fair dealing was timely brought, and Plaintiffs are entitled to recover punitive damages.

**B.  Plaintiffs' Claim for Breach of the Implied Covenant Of Good Faith And Fair Dealing Is Not Time Barred Because Defendant's Refusal/Failure To Re-instate Plaintiffs' Policy Constitutes Ongoing Wrongful Conduct.**

Where the wrong complained of is ongoing, the cause of action is subject to continuous accrual for statute of limitations purposes.  It is immaterial in such cases that Plaintiff could have commenced the action earlier.  *Howard Jarvis Taxpayers Ass'n v. City of La Habra* (2001) 25 C4th 809, 821.

In this case, Plaintiffs' claim for breach of the implied covenant of good

faith and fair dealing is also time brought because Defendant Nationwide's refusal/failure to reinstate Dr. Creary's insurance policy to date, constitutes wrongful conduct that is ongoing. Plaintiffs' claim for breach of the implied covenant is subject to continuous accrual for statute of limitations purposes, and thus timely. In fact, even if Plaintiffs' claim for breach of the implied covenant was filed today, they would be timely, going back two years from the date of filing.

## CONCLUSION

For the reasons argued above, Plaintiffs respectfully request that this Court deny Defendant's Request for an order striking Plaintiffs' request for punitive damages for breach of the implied covenant of good faith and fair dealing.

May June 3, 2017             LAW OFFICES OF ALVIN L. PITTMAN

                             By:   /s/ Alvin L. Pittman
                                   Alvin L. Pittman (SB #127009)
                                   Email: office@apittman-law.com
                                   Attorneys for Plaintiffs
                                   LAW OFFICES OF ALVIN L. PITTMAN
                                   9841 Airport Boulevard, Suite 412
                                   Los Angeles, CA  90045
                                   Tele. (310) 337-3077
                                   Fax.: (310) 337-3080

Certificate of Electronic Service

I hereby certify that on this 3rd day of June, 2017, I electronically filed a true and correct copy of the foregoing **RE: DEFENDANT'S REQUEST FOR AN ORDER STRIKING PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES ON THE SECOND CAUSE OF ACTION** with the Clerk of Court using the Court's CM/ECF system, which will automatically send email notification of electronic filing to the following attorneys for defendant: John L. Viola, at jviola@thompsoncoburn.com and to Diana A. Sanders, at dsanders@thompsoncoburn.com, both of Thompson Coburn, LLP., 2029 Century Park East, Suite 1900, Los Angeles, CA 90067.

/s/ Alvin L. Pittman
By: ALVIN L. PITTMAN (SB#127009)
Attorney for Plaintiffs
E-mail: office@apittman-law.com