**Alvin L. Pittman (SBN.: 127009)**
E-mail: office@apittman-law.com
LAW OFFICES OF ALVIN L. PITTMAN
9841 Airport Boulevard, Suite 412
Los Angeles, CA  90045
Telephone: (310) 337-3077
Facsimile: (310) 337-3080

Attorneys for Plaintiffs
Bridget C. Harper, as Trustee and
Ludlow B. Creary

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGET C. HARPER, as Trustee of the Ludlow B. Creary 2000 Irrevocable Trust, and Ludlow B. Creary, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONWIDE LIFE INSURANCE COMPANY and DOES 1 through 25, Inclusive,<br><br>Defendants. | CASE NO:  2:15-cv-09939 -AB(ASx)<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES RE:  SECOND CAUSE OF ACTION FOR ALLEGED BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**Due Date:  June 12, 2017**<br>**Time: 9:00 a.m.**<br>**Courtroom: 7B**<br>**Hon. Andre Birotte**<br><br>**Trial:  June 6, 2017** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiffs file this supplemental memorandum of points and authorities in response to Defendant's most recent citation to the case of *Migliore v. Mid-Century Insurance Company* 97 Cal. App. 4th 592 (2002), for the proposition that the denial of claim letter sent by the insurer to the insured, and which re-triggered the one-year limitations period in *Migliore,* similarly triggered the two-year statute of limitations in the present case when Defendant Nationwide sent Plaintiffs' a declination of re-instatement letter in March of 2013. Respectfully, as more fully set forth below, the citation to *Migliore* is wholly misplaced, and bears no relevance no relevance to the facts of this case.

### A. THE EARLIEST TIME PLAINTIFFS' CAUSE OF ACTION FOR BREACH OF THE COVENANT OF GOODFAITH AND FAIR DEALING COULD HAVE ACCRUED WAS ON OR ABOUT OCTOBER 3, 2013.

In its Proposed Special Verdict, the Defendant has finally conceded that the critical issue to be determined relative to the issue whether Plaintiffs' cause of action for breach of the covenant of good faith and fair dealing is time barred is, when Plaintiffs' cause of action accrued. The general rule defining the accrual of a cause of action sets the date in the time when under the substantive law, the wrongful act is done, or the wrongful result occurs, and consequent liability

attaches. In other words, it sets the time when the cause of action is complete with all of its elements. *Norgart v. Upjohn Co.* 21 Cal. 4th 383, 486.

In this case, during the course of the trial, Dr. Creary testified that it wasn't until after he received Nationwide's October 2013 letter stating that their decision not to reinstate his insurance policy was a closed matter, that he came to the conclusion that Defendant had in fact engaged wrongful conduct. In fact, Dr. Creary testified that it was only after he had seen many of the documents Nationwide produced during the course of discovery that became convinced that Nationwide had breached its duty to deal fairly with Plaintiffs.

### B.   A DENIAL OF CLAIM LETTER HAS SIGNIFICANCE ONLY IN CASES BROUGHT UNDER CALIFORNIA INSURANCE CODE §2071, AND IS NOT APPLICABILE TO THE FACTS OF THIS CASE.

In this case, Defendants argue that the statute of limitations on Plaintiffs' claim for breach of the covenant of good faith and fair dealing has run. Chiefly, Defendant asserts that the statute of limitations on Plaintiffs', cause of action for breach of the covenant of good faith and fair dealing has expired because Plaintiffs failed to file their lawsuit within two years of receiving a letter from the Defendant declining to reinstate Dr. Creary's insurance. In support of its argument, Defendants cite to two cases. *Fraizer v. Metropolitan Life Insurance Co*. and 169 Cal. App. 3d 90 (1985) and *Migliore v. Mid-Century Insurance Company* 97 Cal. App. 4th 592 (2002).

Both of the cases relied upon by Defendant are inapplicable to the facts of this case. Both *Frazier* and *Migliore* are cases where the causes of actions brought involved the denial of insurance claims, namely property damage or accident claims. This is an important distinction because the events giving rise to the underlying insurance claims are easily identifiable. Thus, it is easy to determine when accrual event takes place (i.e., the fire, theft or accident) in causes of actions emanating from these types of claims.

In *Migliore*, the court held that the Plaintiff's receipt of an "unequivocal denial" letter from the insurance company ended the tolling of the one-year statute of limitations period on the claim for earthquake loss. Thus, Plaintiff's claim brought more than one-year after the cause of action had accrued and after equitable tolling of the statute ended, was time barred. *Migliore v. Mid-Century Insurance Company* 97 Cal. App. 4th 592 (2002). In *Migliore*, the court held that the purpose of the unequivocal denial of claim letter is to end the tolling period of the statutorily imposed one-year period for actions brought pursuant to the *California Insurance Code § 2071, See, Prudential –LMI v. Superior Court* 51 Cal.3d. 674 (1990). In other words, the "unequivocal denial letter did not signify the accrual of the *Migliore's* cause of action based upon denial of her claim for insurance loss. Rather, *Migliore's* cause of action for denial of her insurance claim

had accrued when she had suffered "appreciable damage" to her property cause by the March 20, 1994 Northridge Earthquake. *Id.* at 602.

In *Migliore*, the Court recognized that even within the context of Section 2071 insurance claim cases, and the statutorily imposed one-year limitations period, the general rule pertaining to accrual of the cause of action still applied. In *Prudential-LMI*, the Supreme Court concluded that the term "inception of the loss" should be "defined as that point in time when appreciable damage occurs and is or should be known to the insured, such that a reasonable insured would be aware that his notification duty under the policy has been triggered. *Migliore* at 97 Cal. App. 4th at 604 [citing to *Prudential –LMI v. Superior Court* 51 Cal.3d. 674, 680 (1990)].

Importantly, it should be noted that although the Plaintiff in *Migliore* brought several claims against the insurer including breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, fraud and intentional infliction of emotional distress, the court limited its discussion to the one-year statute of limitations period related to the claim for earthquake losses. In fact, the Court in *Migliore* noted that the Plaintiff and Appellant did not present any argument that other statute of limitations applied under the circumstances, confirming that *Migliore* Court was deciding only the cause of action brought under Insurance Code §2071. *Migliore* at 97 Cal. App.4th 558.

The facts in *Frazier* and *Migliore* differ materially from the facts in the present case. First, the event giving rise to Plaintiffs' cause of action for breach of the covenant of good faith and fair dealing is not the denial of an insurance claim for property damage, theft or an accident. Rather, the event giving rise to Plaintiffs' cause of action for breach of the covenant of good faith and fair dealing is the Defendant's decision not to reinstate Plaintiff's lapsed insurance policy. However, the decision not to reinstate in and of itself does not constitute bad faith, especially where the defendant is offering false facts indicating that the declination to reinstate the policy was done for a legitimate business reason.

Second, unlike in the cases of *Frazier and Migliore*, the accrual event in this case is difficult to determine. In this case, when the wrongful act or acts constituting bad faith took place can only be determined by looking back and evaluating totality of Defendant's conduct under the circumstances. As the Court in *Frazier* noted, we must look to determine when the Defendant has committed an ultimate act of bad faith. *Fraizer v. Metropolitan Life Insurance Co*. and 169 Cal. App. 3d at 104. In the present case, Nationwide's initial letter in March of 2013, did not have the effect of ending any equitable tolling of an already accrued cause of action. Rather, its decision to decline reinstatement is but one act of Defendant that when taken together with other later conduct begins to reveal a course of conduct that constitutes bad faith or wrongful conduct on the part of Defendant.

Defendants are seeking to transform a letter informing Plaintiffs that Nationwide will not reinstate their insurance policy into an "unequivocal denial of claim" letter, and assigning it the same purpose and significance as the claim denial letters issued in *Migliore* and other Insurance Code 2071. Defendant's proposition is neither supported by the facts or the law.

However, a "Denial of Claim Letter has significance **ONLY** in Cases brought under California Insurance Code § 2071. In those cases, the California Insurance Code prescribes that suits against insurers must be commenced within 12 months after the happening of the loss. In *Prudential –LMI Commercial Insurance v. The Superior Court of San Diego Co.*, 51 Cal.3d. 674 (1990), the Supreme Court held that the one-year suit provision begins to run on the date of the inception of the loss, defined as that point when appreciable damage occurs and is or should be known to the insured, such that a reasonable insured would be aware that his notification duty under the policy has been triggered. Id. at 678. The Court also held that the one-year limitation period should be equitably tolled from the time the insured files a timely notice, pursuant to policy notice provisions, to the time the insurer formally denies the claim in writing. In *Prudential –LMI Commercial Insurance v. The Superior Court of San Diego Co.*, 51 Cal.3d. at 678. In these types of cases, the denial of claim letter's only significance and purpose is that it ends equitable tolling of the limitations period and re-triggers the running of

the applicable statute of limitations.  That is, its limited purpose, and only within the context of California Insurance Code § 2071 insurance claim cases.  Also noteworthy is the fact that even in these types of cases, the courts recognize the delayed Discovery rule of the accrual event.  *Id*. at 686-687.  Again, this case does not arise under section 2071 of the insurance code, as it does not involve an insurance claim for loss or damage under a policy.  Accordingly, the rule of *Migliore* has absolutely no application to the case at bar.

### C. EVEN ASSUMING PLAINTIFFS' CAUSE OF ACTION FOR BREACH OF THE COVENANT OF GOODFAITH AND FAIR DEALINGACCRUED SHORTLY AFTER DEFENDANT'S MARCH 2013 DECLINATION LETTER, THE ACCRUAL OF PLAINTIFFS' CAUSE OF ACTION WOULD BE TOLLED BECAUSE OF THE DELAYED DISCOVERY RULE.

Even assuming arguendo, that Plaintiffs' cause of action for breach of the covenant of good faith and fair dealing accrued shortly after the March 2013 declination letter, accrual of Plaintiffs' cause of action for breach of the implied covenant would still be timely filed because of the delayed discovery rule.  The delayed discovery rule applies when the wrongful act is difficult for the Plaintiff to detect.  Where this is the case, the statute of limitations will be tolled until such time as the Plaintiff knew or should have known of the wrongful conduct at issue. *Cryczman v. 4550 Pico Partners, Ltd*. 107 Cal. App. 4th 1, 5.  Two common theories support the discovery rule.  First, the delayed discovery rule is applied to

actions in which it is generally difficult for the Plaintiff to immediately detect or comprehend the breach or resulting injuries. Second, courts have relied on the nature of the relationship between defendant and Plaintiff to explain the application of the delayed accrual rule. *Parsons v. Tickner* 31 Cal. App. 4th 1513, 1526.

In this case, Dr. Creary testified that after he received the March 2013 letter from Nationwide, he did not believe Nationwide had done anything wrong. In fact, Dr. Creary testified that he still believed that Nationwide had his best interests at hear. Dr. Creary testified that he still believed that Nationwide was "on his side". Dr. Creary also testified that it wan't until he received the letter in mid to late October (around Holloween) that he began to believe that Nationwide was no longer "on his side," or had his best interests at heart.

Further, to take advantage of the delayed discovery rule, the Plaintiff is required to conduct a reasonable investigation after becoming aware of the an injury. *Fox v. Ethicon ENDO-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005). Knowledge of the injury alone is not enough. A Plaintiff must also be aware of the wrongdoing of another. *Id.* at 808. In this case, this is exactly what the Plaintiffs did. After receiving notice that Nationwide would not reinstate Dr. Creary's thinking Nationwide decision was based on either a misunderstanding or mistake, Plaintiffs decided to follow-up with Nationwide and engage in several discussions to provide and obtain further information and clarification in and effort to get Dr.

8
SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES RE: SECOND CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT

Creary's insurance policy re-instated. It was not until Defendant's sent Dr. Creary a letter in October of 2015, stating that it would not reinstate, and stating that the matter is now closed that Dr. Creary began to feel that Nationwide was treating him unfairly. Simply put, it was not until after receiving the October 2013 letter that Dr. Creary began to suspect that refusal to reinstate his policy was as a result of wrongful conduct. Determining when a cause of action accrues is a factual matter for the trier of fact. In *Prudential –LMI Commercial Insurance v. The Superior Court of San Diego Co.*, 51 Cal.3d. at 687.

Lastly, Defendant admitted that it has plead statute of limitations as an affirmative defense in this case. As such, Nationwide has the burden of proving facts establishing their affirmative defense by a preponderance of the evidence. *Id.*

### 3. CONCLUSION

Base upon the foregoing, Plaintiffs respectfully submit that their claim for breach of the implied covenant of good faith and fair dealing be allowed to proceed for determination by the jury, in accordance with the general rule defining the

accrual of a cause of action, the delayed discovery rule.

Date:  June 12, 2017			LAW OFFICES OF ALVIN L. PITTMAN


					By:	/s/ Alvin L. Pittman
						Alvin L. Pittman (SB #127009)
						Email: office@apittman-law.com
						Attorneys for Plaintiffs
						LAW OFFICES OF ALVIN L. PITTMAN
						9841 Airport Boulevard, Suite 412
						Los Angeles, CA  90045
						Tele. (310) 337-3077
						Fax.: (310) 337-3080

Certificate of Electronic Service

I hereby certify that on this 12th day of June, 2017, I electronically filed a true and correct copy of the foregoing PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES RE: SECOND CAUSE OF ACTION FOR ALLEGED BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING with the Clerk of Court using the Court's CM/ECF system, which will automatically send email notification of electronic filing to the following attorneys for defendant: John L. Viola, at jviola@thompsoncoburn.com and to Diana A. Sanders, at dsanders@thompsoncoburn.com, both of Thompson Coburn, LLP., 2029 Century Park East, Suite 1900, Los Angeles, CA  90067.

/s/ Alvin L. Pittman
By: ALVIN L. PITTMAN (SB#127009)
Attorney for Plaintiffs
E-mail: office@apittman-law.com