**Alvin L. Pittman (SBN.: 127009)**
E-mail: office@apittman-law.com
LAW OFFICES OF ALVIN L. PITTMAN
9841 Airport Boulevard, Suite 412
Los Angeles, CA  90045
Telephone: (310) 337-3077
Facsimile: (310) 337-3080

Attorneys for Plaintiffs
Bridget C. Harper, as Trustee and
Ludlow B. Creary

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGET C. HARPER, as Trustee of the Ludlow B. Creary 2000 Irrevocable Trust, and Ludlow B. Creary, an Individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NATIONWIDE LIFE INSURANCE COMPANY and DOES 1 through 25, Inclusive,<br><br>　　　　　Defendants. | CASE NO:  2:15-cv-09939 -AB(ASx)<br><br>**PLAINTIFFS' TRIAL BRIEF RE PLAINTIFF LUDLOW B. CREARY'S STANDING TO ASSERT HIS BAD FAITH CAUSE OF ACTION**<br><br><u>Trial: June 6, 2017</u><br><u>Time: 9:00 a.m.</u><br>**Ctrm: 7B** |

## I. INTRODUCTION

Plaintiffs Bridget C. Harper as Trustee of the Ludlow B. Creary 2000 Irrevocable Trust and Ludlow B. Creary, an Individual (collectively "Plaintiffs") submit this memorandum in opposition to Defendant's brief point re Plaintiff Ludlow B. Creary's lack of standing to bring a cause of action against Nationwide for its breach of the covenant of good faith and fair dealing. (Doc 90). As set forth below, Dr. Creary is the insured on the Nationwide life insurance policy, and has an interest in compelling Nationwide to fulfill its obligations of good faith and fair dealing with him as an insured under one of the insurer's life insurance policies. In fact, according to the substantive law, the person who has the right to file suit under the substantive law of bad faith, is the insured and beneficiaries of the policy. Dr. Creary as the insured is the real party in interest. The Trust, as beneficiary of the policy, also has standing.

The existence of the Trust does not change the identity of the "insured" who, for purposes of a breach of covenant action, is the person with standing. The insured and beneficiaries of the insurance policy are both plaintiffs with standing to sue for breach of covenant.

## II. DR. CREARY IS THE INSURED UNDER THE POLICY AND AS SUCH, ALONG WITH ANY EXPRESS BENEFICIARIES, HAS STANDING TO ASSERT A BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING.

None of the cases cited by Defendant decide the issue of whether Dr. Creary has standing to bring a breach of covenant action. In fact, the cases cited dealing with the nature of Trusts and the power of the Trustee versus trust beneficiaries lead away from authorities that are decisive on the issue of Dr. Creary's standing as the *insured*. Defendant did not cite any case with an irrevocable trust and Trustee

1

**PLAINTIFFS' TRIAL BRIEF RE PLAINTIFF LUDLOW B. CREARY'S STANDING TO ASSERT HIS BAD FAITH CAUSE OF ACTION**

that involved a breach of covenant action. This Trust is an "Irrevocable Life Insurance Trust."

The only case cited by Defendant that sheds light on Dr. Creary's standing is *Saks v. Damon Raike and Co.*, 7 Cal.App.4th 419 (1992). In *Saks*, the court said: "'In general, the person who has the right to file suit under the substantive law is the real party in interest.' 4 Witkin Cal.Proc. Pleading, *supra*, section 103, at p. 138." *Id.*, at p. 427. Looking to the substantive law for the person who has the right to file suit, requires looking at the persons who have the right to bring a breach of covenant action against the insurer. The persons who have the right to bring such an action are the named *insured* and beneficiaries under the insurance policy. Based on the "substantive law," both the insurance policy "express beneficiary" and the insured have standing to sue for breach of covenant.

Otherwise, *Saks* is irrelevant to the issue of Dr. Creary's standing. In *Saks*, the issue was whether the income beneficiaries of a trust could sue a former lawyer and real estate broker or whether the Trustee alone had that right. In general, the trust beneficiary is not the real party in interest and may not sue in the name of the trust. The beneficiary has only the right to sue to compel the Trustee to file a lawsuit against others who have violated the beneficiary's rights in some way.[1] None of those findings are relevant to whether Dr. Creary, as the insured on a policy the proceeds of are Trust property upon his death, has standing to sue for breach of covenant.

"The insurer's covenant of good faith and fair dealing is enforceable by anyone within the class of "insured" persons under the policy. This may include persons other than the named insured." Croskey et al., *Cal. Practice Guide:*

---

[1] Two meanings of the term "beneficiary" must be distinguished. A trust "beneficiary" is not the same as an insurance policy "beneficiary." The latter has rights along with the "insured" to sue for breach of covenant.

2
**PLAINTIFFS' TRIAL BRIEF RE PLAINTIFF LUDLOW B. CREARY'S STANDING TO ASSERT HIS BAD FAITH CAUSE OF ACTION**

*Insurance Litigation* (The Rutter Group 2016) ¶ 12:56, p. 12A-23; s*ee*, *Northwestern Mut. Ins. Co. v. Farmers Ins. Group*, 76 Cal.App.3d 1031, 1042 (1992) (permissive user, unnamed on the policy, was an additional "insured" under the owner's automobile policy or was at least an express third party beneficiary).

"[P]rivity of contract with the insurer is essential to an implied covenant action against the insurer. Thus, persons entitled to benefits under a policy have standing to sue for bad faith if those benefits are wrongfully withheld. This includes the contracting parties (persons named as insureds) as well as others entitled to benefits as "additional insureds" or as express beneficiaries under the policy." Croskey et al., *Cal. Practice Guide: Insurance Litigation* (The Rutter Group 2016) ¶ 12:55, p. 12A-23; *Seretti v. Superior National Ins. Co.*, 71 Cal.App.4th 920, 929 (1999). "Whether for better or worse....liability for 'bad faith' has been strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship.... Thus, an insurer's duty of good faith and fair dealing is owed solely to its insured and, perhaps, any express beneficiary of the insurance policy. (*Austero v. National Cas. Co.* (1976) 62 Cal.App.3d 514, 516-517 [133 Cal.Rptr. 107].)'" *Seretti*, 71 Cal.App.4th at p. 929.

Dr. Creary, the named insured, testified that he purchased the policy and made the Trust the beneficiary of the policy. The Trust is entitled to benefits under the policy. Both Dr. Creary and the Trust, through the Trustee, may sue to enforce good faith. Defendant argues that the policy is owned by the Trust and that is determinative of standing. But ownership does not necessarily determine the right to sue for breach of covenant; and ownership does not strip Dr. Creary of his standing as the insured to sue for breach of covenant. In this case, the Trust is an "Irrevocable Life Insurance Trust" where the Trust can be both owner and beneficiary. The factual situation differs in significant respects from that covered

3

**PLAINTIFFS' TRIAL BRIEF RE PLAINTIFF LUDLOW B. CREARY'S STANDING TO ASSERT HIS BAD FAITH CAUSE OF ACTION**

by Probate statutes governing the relationship between a Trustee and Trust beneficiaries concerning who has standing to sue to protect Trust assets. (The *Saks* case dealt with that issue and held correctly that the Trustee is the real party in interest versus the trust beneficiaries. *See*, *Saks*, *supra*, 7 Cal.App.4th at pp. 427-429.)

The standing requirement is to ensure courts will decide only actual controversies between parties with a sufficient interest in the subject matter of the dispute to press their case with vigor. "A party lacks standing if it does not have an actual or substantial interest in, or would not be benefited or harmed by the ultimate outcome of an action. [citations omitted] Standing is a function not just of a party's stake in a case, but the degree of vigor or intensity with which the party presents its arguments. [Citations omitted.]" *City of Santa Monica v. Stewart*, 126 Cal.App.4th 43, 84 (2005).  Dr. Creary will be harmed because his intent to have the insurance proceeds available for the beneficiaries of the 2000 Irrevocable Trust has been thwarted and interfered with by Nationwide's misrepresentations and bad faith in not reinstating his life insurance policy. He has vigorously pursued his arguments in support of his bad faith breach of covenant cause of action.

The case law also instructs that payment of insurance premiums is not enough by itself to permit a person to enforce a policy in which he or she is *not otherwise* an insured or beneficiary. *Jones v. Aetna Cas. & Sur. Co.*, 26 Cal.App.4th 1717, 1722-1723 (1994).  (emphasis added).  The flip side of this principle is that the insured or beneficiary is the person with power to enforce good faith with regard to the policy. Dr. Creary in practical effect gifted the trust beneficiaries with monies to pay the premiums. But his payment does not give him standing. And the Trust's payment of the premiums does not deny Dr. Creary standing. Dr. Creary's status as the "insured" gives him standing.

## III. CASES CITED BY DEFENDANT ARE NOT APPOSITE TO THE ISSUE OF DR. CREARY'S STANDING.

Other than *Saks*, the cases cited by Nationwide in its "Brief Point re Plaintiff Ludlow B. Creary's Lack of Standing to Assert His Bad Faith Cause of Action" (Doc 90) are inapplicable to the facts of Dr. Creary's bad faith action and to the issue of standing. In *Portico Management Group*, the issue is whether a judgment could be entered against a Trust or must be entered against the Trustees. *Portico Management Group v. Harrison*, 202 Cal.App.4th 464, 466-467 (2011). The language quoted by Nationwide is general and accurate but irrelevant. "As a general rule, the trustee is the real party in interest with standing to sue and defend on the trust's behalf." *Ibid.*, at 473. That is an accurate statement of the law, but the issue in *Portico* was not whether a trustor/settlor who is an *insured* has standing to bring a breach of covenant action and thus, the *Portico* holding is not helpful to the analysis of standing in a breach of covenant case.

In *Laycock v. Hammer*, 141 Cal.App.4th 25, 32 (2006), the issue was whether the trust was revocable or irrevocable. Defendant's brief misstates the paraphrased language. Defendant's brief says: "As a trust asset, the life insurance policy is solely property of the trust." The case actually says "the policy *proceeds* were the property of the trust and not [the settlor's] estate." (emphasis added). The Settlor/Trustee was already deceased when there was litigation over the nature of the trust and whether creditors could reach the trust property, based on some actions the trustee had taken during his lifetime. This does not decide the issue of Dr. Creary's standing in a breach of covenant action. In this case, Plaintiffs do not deny it is an irrevocable life insurance trust; the policy *proceeds* will be property of the Trust after Dr. Creary's death.

According to another authority cited by Defendant, the trustor/settlor relinquishes rights to all assets of an irrevocable trust. In the cited case, *Aguilar v.*

5
**PLAINTIFFS' TRIAL BRIEF RE PLAINTIFF LUDLOW B. CREARY'S STANDING TO ASSERT HIS BAD FAITH CAUSE OF ACTION**

1 | *Aguilar*, 168 Cal.App.4th 35, 40 (2008), the wife, who was a co-trustor with her
2 | deceased husband, tried to withdraw her community property assets from the trust
3 | after his death.  The court held that she could not.  That holding is also irrelevant to
4 | Dr. Creary's standing.  He is not trying to withdraw assets; or to change the legal
5 | title to property; or to redirect the *proceeds* of the life insurance policy.  Dr. Creary
6 | is seeking to enforce his rights as the "insured" to be free of bad faith in his
7 | dealings with the insurer during his lifetime.
8 |      Certainly, after Dr. Creary's death the Trustee would be the party who could
9 | then assert a breach of covenant action if, for instance, Nationwide delayed paying
10 | or failed to pay the proceeds on the life insurance policy.  This is equivalent to the
11 | factual circumstances posed in many breach of covenant cases based on bad faith
12 | at the time a claim is made on an insurance policy.   Yet, while Dr. Creary is alive,
13 | he maintains his standing to sue for breach of covenant as the insured.  He has been
14 | damaged because his testamentary wishes and intent to have the insurance
15 | proceeds available for the beneficiaries of the 2000 Irrevocable Trust have been
16 | thwarted and interfered with in bad faith by Nationwide.  Dr. Creary has standing
17 | to sue for tortious bad faith breach of covenant.

DATED: June 12, 2017			LAW OFFICES OF ALVIN L. PITTMAN


By:	/s/ Alvin L. Pittman
	Alvin L. Pittman (SB #127009)
	Email: office@apittman-law.com
	Attorneys for Plaintiffs
	LAW OFFICES OF ALVIN L. PITTMAN
	9841 Airport Boulevard, Suite 412
	Los Angeles, CA  90045
	Tele. (310) 337-3077
	Fax.: (310) 337-3080

Certificate of Electronic Service

I hereby certify that on this 12th day of June, 2017, I electronically filed a true and correct copy of the foregoing **PLAINTIFFS' TRIAL BRIEF RE PLAINTIFF LUDLOW B. CREARY'S STANDING TO ASSERT HIS BAD FAITH CAUSE OF ACTION** with the Clerk of Court using the Court's CM/ECF system, which will automatically send email notification of electronic filing to the following attorneys for defendant: John L. Viola, at jviola@thompsoncoburn.com and to Diana A. Sanders, at dsanders@thompsoncoburn.com, both of Thompson Coburn, LLP., 2029 Century Park East, Suite 1900, Los Angeles, CA 90067.

/s/ Alvin L. Pittman
By: ALVIN L. PITTMAN (SB#127009)
Attorney for Plaintiffs
E-mail: office@apittman-law.com